**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Donald James Coon,** | |
| **Plaintiff,** | **09 Civ. 230 (SCR)(LMS)** |
| *- against -* | |
| **Donna L. Benson, Orange County Clerk, et al.,** | **REPORT &**<br>**RECOMMENDATION** |
| **Defendants.** | |

**TO:  THE HONORABLE STEPHEN C. ROBINSON, U.S.D.J.**

Plaintiff Donald James Coon, proceeding *pro se*, commenced this action seeking redress for various grievances arising out of a lawsuit he filed in state court in Orange County, New York.  See Docket # 2 (Complaint).  The state court action, filed on June 7, 2007, stemmed from a motor vehicle accident in which Plaintiff was involved on August 1, 2005.  Complaint at 1. Following its review of Plaintiff's original Complaint, on January 12, 2009, the Court issued an Order, granting Plaintiff sixty (60) days within which to file an Amended Complaint or else his action would be dismissed without prejudice.  Docket # 3.  The Order explained in detail the Complaint's deficiencies and the steps that Plaintiff needed to take in order to cure those deficiencies in any Amended Complaint that he might file.  On March 5, 2009, Plaintiff filed an Amended Complaint.  Docket # 5.  Two sets of motion papers have been filed seeking dismissal of the Amended Complaint: 1) Defendants Donna L. Benson, the Orange County Clerk, and her staff and David Darwin, Esq., the Orange County Attorney, and his staff[1] (collectively, the

---

[1]While the caption for the Amended Complaint lists Benson's staff and Darwin's staff as defendants, the list of parties contained in the pleading refers only to Benson and Darwin.  See Amended Complaint at 1.

"County Defendants"), move for dismissal pursuant to Fed. R. Civ. P. 8 and 12(b)(6), Docket #'s 11, 12, 16, 17; and 2) the Honorable Elaine Zaritsky Slobod, John Cameron,[2] and Ellen Guerrera (collectively, the "State Defendants"), move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  Docket #'s 13, 14.

## DISCUSSION

### Standard for Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires the complaint to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The complaint must include something more than "an unadorned, the-defendant-unlawfully harmed-me accusation."  Id.

When considering a defendant's Rule 12(b)(6) motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2004) (citations omitted), and must draw all inferences from those allegations in the plaintiff's favor.  Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002).  However, a court is not required to accept as true legal conclusions, and "[t]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 129 S. Ct. at 1949.

Previously, a Rule 12(b)(6) motion to dismiss  would not be granted unless "it appeared beyond doubt that the plaintiff [could] prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However, the Supreme Court has explained that "Conley's 'no set of facts' language has been questioned,

---

[2]According to the State Defendants, Defendant Cameron was misidentified as "Jack" in the Amended Complaint.  See Notice of Motion (Docket # 13).

criticized, and explained away long enough," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007), since a literal reading of it would enable a conclusory statement of claim to survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Id. at 561.  Instead, to survive a motion to dismiss, a complaint must set forth sufficient facts to "state a claim to relief that is plausible on its face."  Iqbal, 129 S. Ct. at 1949 (internal quotation marks and citation omitted). A claim is facially plausible when the complaint contains enough facts to allow the court to reasonably infer that the defendant is liable for the alleged misconduct.  Id.  Put another way, a plaintiff must set forth enough facts to "nudge [his or her] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 570.

Pro se complaints, however, still must be liberally construed, Erickson, 551 U.S. at 94, and must be held to "less stringent standards than formal pleadings drafted by lawyers."  Id. (citation omitted).  Moreover, pro se complaints must be interpreted "to raise the strongest arguments that they suggest."  McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quotation omitted).  However, a pro se complaint must still state a facially plausible claim to survive a motion to dismiss.  See, e.g., Boykin v. KeyCorp., 521 F.3d 202, 213-14 (2d Cir. 2008); Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir. 2008).

**The Amended Complaint Fails to Cure the Deficiencies Cited in the Court's Order**

The pleading requirements of Fed. R. Civ. P. 8 "are designed to compel a plaintiff to identify the relevant circumstances which he [or she] claims entitle him [or her] to relief in such a manner that the defendant is provided with fair notice so as to enable him [or her] to answer and prepare for trial.  However, complaints which ramble, which needlessly speculate, accuse

3

and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system and must be dismissed." Barsella v. United States, 135 F.R.D. 64, 65-66 (S.D.N.Y. 1991) (internal quotation marks and citations omitted). Moreover, despite the liberal construction given to *pro se* complaints, "[t]hat policy . . . does not mandate that a Court sustain every *pro se* complaint even if it is incoherent, rambling, and unreadable." Id. at 66 (citation omitted).

The Court's Order instructed Plaintiff that his Amended Complaint "must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation(s) occurred; where such violation(s) occurred; and why Plaintiff is entitled to relief." Order at 9 (emphasis in original). Plaintiff's Amended Complaint, while divided into several counts, does not articulate which claim falls within which count or which claims he is asserting against which Defendants. Rather, it contains conclusory and vague factual allegations regarding his state court litigation, amounting to a long list of accusations about, and objections to, the conduct of various individuals involved in various capacities in that action. Those allegations are combined with conclusory assertions that Plaintiff consequently suffered the violation of his rights to access to the courts and to due process and discrimination on the basis of his disability and his poor person status, caused, in part, by a failure to train or supervise. After a careful reading of the Amended Complaint, the Court is still unable to discern how Plaintiff's federally-protected rights were violated, by whom, and when. In sum, the Amended Complaint fails to comply with the requirements of Fed. R. Civ. P. 8.

Furthermore, insofar as the Amended Complaint fails to cure the deficiencies set forth in the Court's Order, it fails to state a claim upon which relief can be granted. Thus, the Amended

4

Complaint still fails to allege any "actual injury" that Plaintiff suffered from the violation of his

right of access to the courts.  See Order at 3-4.  Indeed, it appears that Plaintiff has been able to

litigate his state court action.  See Decl. of Susan Anspach Exs. B-E.  The Amended Complaint

likewise fails to allege facts supporting (i) an equal protection claim; (ii) the personal

involvement of individual defendants in any of the alleged violations of Plaintiff's constitutional

rights; (iii) the existence of an official policy or custom that caused his injury; or (iv)

discrimination based on Plaintiff's disabilities.  See Order at 4-8.

Where, as here, the Court has put Plaintiff on notice of the deficiencies in his original

Complaint and given him an opportunity to correct those deficiencies in an Amended Complaint,

but Plaintiff has failed to do so, dismissal with prejudice is appropriate.  Barsella, 135 F.R.D. at

66.

## CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor

should conclude, that Defendants' motions to dismiss (Docket #'s 11, 13) should be granted and

the Amended Complaint should be dismissed with prejudice.

## NOTICE

_____Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties

shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a

total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written

objections to this Report and Recommendation.  Such objections, if any, shall be filed with the

Clerk of the Court with extra copies delivered to the chambers of The Honorable Stephen C.

Robinson at the United States Courthouse, 300 Quarropas Street, White Plains, New York,

10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Robinson.

Dated: September 1, 2009
White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Stephen C. Robinson, U.S.D.J.

Donald James Coon
9850 State Route 4, Lot 25
Whitehall, New York  12887

Judith M. Estevez, Esq.
Orange County Department of Law
255 Main Street
Goshen, New York 10924

Susan Anspach, Esq.
Attorney General of the State of New York
120 Broadway, 24th Floor
New York, New York 10271